**Opinion issued January 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00956-CV

———————————

## IN RE DUSTIE DAVENPORT, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Dustie Davenport, seeks a writ of mandamus compelling the trial court to vacate (1) its March 27, 2013 order restricting Davenport's visitations with Richard Lee Woodside, Jr., a person adjudged to be incapacitated, to certain hours of the day and (2) its subsequent order signed on April 23, 2014 requiring

Davenport to "stay more than 500 yards away from Richard Lee Woodside, Jr. at all times."[1]  We grant relief.

## Background

On August 15, 2012, the trial court found that Woodside is an incapacitated person, appointed Sandra Miksch as the permanent guardian of the person of Woodside, and appointed the real party in interest, Marcia Pevey, as the permanent guardian of the estate of Woodside.  In the order, the trial court stated that "this Guardianship shall be a full guardianship" and declared Woodside to be totally incapacitated and without the authority to exercise any rights or powers for himself or his estate, "save and except the right to vote."

On October 23, 2012, the trial court found that Miksch had resigned as guardian of the person of Woodside and appointed Pevey as the successor guardian of the person.

Pevey then filed a "Motion to Restrict Visitation," requesting that the trial court restrict Davenport's ability to visit with Woodside by specifying the days of the week and times of day when Davenport could visit Woodside and by specifying the locations within the Hampton, the assisted living facility in which Woodside was residing, in which Davenport could visit Woodside.  The trial court

---

[1]     The underlying case is *In re Guardianship of Richard Lee Woodside, Jr., an Incapacitated Person*, cause number 411333, pending in the Probate Court No. 4 of Harris County, Texas, the Hon. Christine Butts presiding.

2

granted the motion, which was not served on Davenport, on March 27, 2013. In its March 27, 2013 order, the trial court limited Davenport's visits with Woodside to visitation (1) between 10:00 a.m. and 7:00 p.m., (2) from Monday through Saturday, and not on Sunday, and (3) only in the public areas of the Hampton. Davenport first learned of the existence of the March 27, 2013 order when a signed copy of the order was presented to her by the Hampton.

On April 12, 2014, Woodside was moved to Westbrae Court Retirement Community.

On April 17, 2014, Pevey filed a "Motion to Bar Access," requesting that the trial court order Davenport "to stay more than 500 yards from [Woodside] at all times . . . ." The motion was not served on Davenport. The trial court granted the motion on April 23, 2014. In the April 23, 2014 order, the trial court ordered "that Dusty Davenport shall stay more than 500 yards away from Richard Lee Woodside, Jr. at all times." Davenport learned of the existence of the April 23, 2014 order when a signed copy of the order was presented to her by the management of the Westbrae Court Retirement Community.

Davenport filed a motion for new trial, requesting that the trial court set aside the March 27, 2013 and April 23, 2014 orders, on May 21, 2014.

Davenport filed this petition for writ of mandamus on November 26, 2014, seeking an order requiring the trial court to vacate its March 27, 2013 and April 23,

3

2014 orders because the orders are void for want of personal and subject matter jurisdiction. Pevey filed a response on December 30, 2014.

## Relator's Arguments

In her petition, Davenport first argues that she has standing to challenge the trial court's orders. Davenport contends that her rights were affected by the orders because (1) she "was prevented from maintaining [her] relationship" with Woodside by the orders and (2) "these Orders and the findings therein constitute negative records of Dustie and have adversely affected her career in the health care industry, since they will prevent her from being licensed in Texas as a hemodialysis technician." Davenport concludes that she has standing, because any person whose rights are affected by an order may challenge the order.

Davenport then presents two issues in her petition, as bases for why the trial court's orders should be vacated. In her first issue, Davenport argues that the trial court lacked personal jurisdiction over her. According to Davenport, Pevey failed to serve Davenport with either the motion to restrict visitation or the motion to bar access, Davenport neither waived citation nor entered an appearance in the case, no hearing was held regarding either motion, and Davenport had no notice that the trial court had rendered the orders until she was served with signed copies of the orders. The trial court's orders are therefore void for want of personal jurisdiction over Davenport.

4

In her second issue, Davenport contends that the trial court lacked subject matter jurisdiction to render the orders, because the court had no authority to issue a protective order or "to restrict the rights of visitation of a third party . . . ." The trial court's orders are therefore void for want of subject matter jurisdiction.

## Real Party In Interest's Response

In her response to Davenport's petition for writ of mandamus, Pevey states that she "first became aware of Dusty Davenport . . . when [Woodside's] mother resigned as Guardian of his Person . . . ." She further states that Davenport received the trial court's March 27, 2013 "order from the Hampton on her next visit" after the date on which the order was signed and that Davenport received the trial court's April 23, 2014 order "from Westbrae management the next time she appeared on the premises" after the order was signed.

Pevey then argues that "the relator in this case erroneously characterizes herself as the subject of these orders" and that Woodside is the actual subject of the orders. Pevey contends that the trial court did not abuse its discretion when it signed the orders at issue, and that it would have been an abuse of discretion to refuse to sign the orders, "given the court's appointed guardian's 'duty to provide care, supervision and protection for the ward.'"

Pevey further argues that, because Davenport is not related to Woodside, Davenport "has no right of access to [Woodside] and therefore is not entitled to

5

notice or hearing as the orders do not remove any legal right, property interest nor privilege from her." Moreover, according to Pevey, "the order to bar access does not remove any rights, privileges or property interest from [Davenport] and [Davenport] is not a party in interest to the guardianship; therefore [Davenport] does not have a right to mandamus the [trial court]." And, even if Davenport were entitled to notice, Pevey's provision of notice after the orders were signed was sufficient, because the orders were necessary to preserve Woodside's living arrangements and Davenport "received timely postdeprivation [sic] notice" of the orders.

Pevey also contends that the March 27, 2013 order is moot, because Woodside "no longer lives at the Hampton of Pearland and that order was specifically addressed to the Hampton."

Finally, Pevey argues that Davenport "has more efficient remedies available to her" and is therefore barred from seeking a writ of mandamus in this case.

**Standard of Review**

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of a duty imposed by law when no adequate remedy by appeal exists. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when the trial court's decision is so

arbitrary and unreasonable that it amounts to clear error. *See id.* (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)).

"Mandamus relief also is appropriate when a court issues an order beyond its jurisdiction—a void order." *In re Mask*, 198 S.W.3d 231, 233 (Tex. App.—San Antonio 2006, orig. proceeding) (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding)). When a trial court's order is void, mandamus relief is available regardless of whether an adequate remedy by appeal exists. *Id.* (citing *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Vlasak*, 141 S.W.3d 233, 235 (Tex. App.—San Antonio 2004, orig. proceeding)).

## Analysis

In her response, Pevey argues that Davenport is not the subject of the orders, has no right of access to Woodside, and has not been deprived of any rights, privileges, or property interests by the trial court's orders. Pevey therefore challenges Davenport's standing to file a petition for writ of mandamus, asserting that Davenport "does not have a right to mandamus" the trial court. Because standing is a component of subject matter jurisdiction, we must determine, as an initial matter, whether Davenport has standing to file a petition for writ of mandamus challenging the trial court's March 27, 2013 and April 23, 2014 orders. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

7

Contrary to Pevey's contention, Davenport is the subject of the trial court's orders. The March 27, 2013 order states that "Davenport's visits . . . are restricted . . . ." The order therefore is directed at Davenport, making her the subject of the order. Similarly, the April 23, 2014 order states that "Davenport shall stay more than 500 yards away from [Woodside] at all times." Again, the order is directed at Davenport, who is the subject of the order. Further, by placing specific restrictions on Davenport, each order operates as a permanent injunction against Davenport. Thus, Davenport, as the subject of two permanent injunctions, has standing to file a petition for writ of mandamus.[2] *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (providing general test for standing as requiring real controversy between parties that will be determined by judicial declaration sought); *Billy B., Inc., v. Bd. of Trustees of Galveston Wharves*, 717 S.W.2d 156, 158 (Tex. App.—Houston [1st Dist.] 1986, no writ) (enumerating bases for person to have standing, including person has personal stake in controversy).

Pevey further argues that the trial court's March 27, 2013 order is moot, because Woodside no longer resides at the Hampton and the order "was specifically address to the Hampton." The March 27, 2013 order, however,

---

[2] We express no opinion regarding whether Davenport has any legally cognizable right of access to, or right to visit with, Woodside. Rather, regardless of whether Davenport has any such right(s), she is the subject of two court orders, and she therefore has standing to challenge the orders. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154–55 (Tex. 2012).

contains three separate provisions, restricting Davenport's visits with Woodside to (1) "visitation only between the hours of 10:00 am to 7:00 pm," (2) "visitation at the Hampton only Monday through Saturday – never on Sunday," and (3) "visitation at the Hampton with [Woodside] restricted to the public areas of The Hampton." Thus, even if the second and third restrictions are now moot, the first restriction is not, because it limits the hours during which Davenport may visit Woodside regardless of where Woodside is living. Davenport's challenge to the trial court's March 27, 2013 order is therefore not moot.

In the first issue in her petition, Davenport argues that the trial court's orders are void because the trial court lacked personal jurisdiction over her. In response, Pevey concedes that Davenport "is not a party in interest to the guardianship," that Davenport was not served with either motion or present for any hearing on either motion, and that Davenport had no notice of either of the trial court's orders until after the orders had been issued.

A court's judgment or order is void when the court lacked jurisdiction of the subject matter or jurisdiction of the parties. *See In re Parr*, 199 S.W.3d 457, 461 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Mask*, 198 S.W.3d at 234. A trial court's jurisdiction over a party "is established either by a litigant's voluntary entry into the court or by the serving of process on the litigant in accordance with state procedures consistent with due process." *Parr*, 199 S.W.3d

at 461; *see Mask*, 198 S.W.3d at 234. "Generally, a trial court does not have jurisdiction to enter a judgment or order against a respondent unless the record shows proper service of citation on the respondent, or an appearance by the respondent, or a written memorandum of waiver at the time the judgment or order was entered." *Mask*, 198 S.W.3d at 234. Any judgment or order entered before a trial court acquires jurisdiction over the parties is void. *See id.*

Here, it is uncontested that Davenport was not a party to the guardianship proceedings, did not appear before the trial court, was not served with either the motion to restrict visitation or the motion to bar access, was not provided notice of any hearings on the motions, and was not made aware of the trial court's March 27, 2013 order or the April 23, 2014 order until after they were issued by the court. The trial court therefore lacked personal jurisdiction over Davenport when it issued the March 27, 2013 and April 23, 2014 orders, and said orders are void. *See id.*

Moreover, because a void order is a nullity, it is not subject to ratification or waiver. *See id.* at 235. Thus, Davenport was not required to show that appeal is not an adequate remedy in this case, and the possibility that there may be "more efficient remedies available to her" is irrelevant. *See id.* at 233.

Finally, Pevey argues that she provided Davenport with "postdeprivation [sic] notice" of the trial court's orders. However, regardless of whether the trial court had jurisdiction to issue temporary orders without providing Davenport with

notice and an opportunity to be heard[3], the March 27, 2013 and April 23, 2014 orders were final orders instituting permanent injunctions against Davenport. And the provision of "post-deprivation notice," without providing an opportunity to be heard before the entry of these permanent injunctions, did not satisfy due process. *See Gilbert v. Homar*, 520 U.S. 924, 930–31, 117 S. Ct. 1807, 1812 (1997). Therefore, the trial court's March 27, 2013 and April 23, 2014 orders, issued prior to the trial court's acquisition of personal jurisdiction over Davenport, are void. *See Mask*, 198 S.W.3d at 234.

## Conclusion

Based on the foregoing, we conclude that the trial court lacked personal jurisdiction over Davenport when it issued its March 27, 2013 and April 23, 2014 orders, and those orders are therefore void.

In light of this conclusion, we need not address Davenport's issue regarding the trial court's subject matter jurisdiction.

Accordingly, we conditionally grant Davenport's petition for writ of mandamus and order the trial court to vacate both its March 27, 2013 order and its April 23, 2014 order. We are confident that the trial court will promptly comply, and our writ will issue only if it does not comply within 30 days of the date of this opinion. We dismiss any pending motions as moot.

---

[3] We express no opinion regarding whether the trial court had such jurisdiction.

11

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.