# NO. 12-19-00202-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | |
| *WILLIAM A. RUNNELS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

William A. Runnels, acting pro se, filed this petition for writ of habeas corpus to challenge Respondent's March 22, 2019, order for contempt.[1]  We deny the writ.

## BACKGROUND

This is a suit affecting the parent-child relationship (SAPCR).[2]  Domanita Craddock-Neal, the Real Party in Interest, and Runnels are the parents of N.V.R., D.A.R., and J.T.R.  In 2016, Craddock-Neal was granted the exclusive right to determine the children's primary residence.  Subsequently, on December 17, 2018, Respondent signed an order in suit to modify the parent-child relationship, which contained the following provision:

### Permanent Mutual Injunction

The Court finds that it is in the best interest of the parties and the children that a permanent mutual injunction against them should be granted as appropriate relief because there is no adequate remedy at law.

---

[1] Respondent is the Honorable Alfonso F. Charles, Judge of the 124th District Court in Gregg County, Texas.

[2] Runnels failed to file a complete record in this proceeding.  In the interest of judicial economy, we take judicial notice of the record, which has been filed in a related appeal involving the same parties, *In the Interest of N.V.R., D.A.R., and J.T.R., children*, No. 12-19-00112-CV, pending before this Court. *See In re Innovation Res. Sol., LLC*, No. 12-15-00254-CV, 2016 WL 1254058, at *3 (Tex. App.—Tyler Mar. 31, 2016, orig. proceeding) (mem.op.) (taking judicial notice of hearing transcript filed in prior, related mandamus proceeding); *see also Humphries v. Humphries*, 349 S.W.3d 817, 820, n.1 (Tex. App.—Tyler 2011, pet. denied) (appellate court may take judicial notice of its own records in same or related proceeding involving same or nearly same parties).

> The permanent mutual injunction granted below shall be effective immediately and shall be binding on WILLIAM ANDRE RUNNELS and DOMANITA ROSHUN CRADDOCK-NEAL; on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.
>
> IT IS ORDERED that WILLIAM ANDRE RUNNELS and DOMANITA ROSHUN CRADDOCK-NEAL are permanently mutually enjoined from:
>
> …Using corporal punishment on any minor child the subject of this suit at any time, or allowing a third person to use corporal punishment on any minor child the subject of this suit at any time.

On March 11, 2019, Craddock-Neal filed a second amended motion for enforcement of injunction, in which she alleged that Runnels violated this provision by using corporal punishment on N.V.R., which escalated into an assault and resulted in his arrest for assault family violence. She alleged that Runnels's son videotaped the incident at Runnels's request.

On March 22, Respondent signed an order in which he found that Runnels used corporal punishment on N.V.R. on January 12, 2019, in violation of the permanent mutual injunction. Respondent held Runnels in contempt and assessed confinement in the county jail for a period of one-hundred eighty days. This proceeding followed and, on June 4, this Court granted Runnels's request for release on bond pending final resolution of this proceeding.[3]

## AVAILABILITY OF HABEAS CORPUS

Habeas corpus is available to review a contempt order entered by a lower court confining a contemnor. *Ex parte Gordon*, 584 S.W.2d 686, 687–88 (Tex. 1979) (orig. proceeding). An original habeas proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); *In re Ragland*, 973 S.W.2d 769, 771 (Tex. App.—Tyler 1998, orig. proceeding). Its purpose is not to determine the relator's ultimate guilt or innocence, but only to ascertain whether the relator has been unlawfully confined. *Gordon*, 584 S.W.2d at 688.

A court will issue a writ of habeas corpus if the order underlying the contempt is void or if the contempt order itself is void. *See Ex parte Shaffer*, 649 S.W.2d 300, 301–02 (Tex. 1983)

---

[3] Runnels has appeared before this Court on previous occasions. *See In re N.V.R., D.A.R., and J.T.R.*, No. 12-18-00146-CV, 2019 WL 1416670 (Tex. App.—Tyler Mar. 29, 2019, no pet.) (mem. op.); *see also In re Runnels*, No. 12-19-00105-CV, 2019 WL 1416634 (Tex. App.—Tyler Mar. 29, 2019, orig. proceeding) (mem. op.); *Runnels v. Neal*, No. 12-18-00146-CV, 2018 WL 3569682 (Tex. App.—Tyler July 25, 2018, no pet.) (mem. op.).

(orig. proceeding); *Gordon*, 584 S.W.2d at 688. The relator must show that the contempt order is void and not merely voidable. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). Until the relator discharges this burden, the contempt order is presumed valid. *In re Parr*, 199 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). A contempt order is void if it deprives the relator of liberty without due process of law or if it exceeded the power of the court to issue. *See In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding).

## APPLICABLE LAW

There are two forms of contempt: civil and criminal. A criminal contempt order is punitive in nature and is an exertion of the court's inherent power to punish a party for "some completed act which affronted the dignity and authority of the court." *Ex parte Johns*, 807 S.W.2d 768, 771 (Tex. App.—Dallas 1991, orig. proceeding) (quoting *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proc.)). Criminal contempt orders generally require the individual to be incarcerated for a finite period and that period is unaffected by the individual's performance of any future act. *In re Scariati*, 988 S.W.2d 270, 272 n.1 (Tex. App.—Amarillo 1998, orig. proceeding); *Ex parte Hosken*, 480 S.W.2d 18, 23 (Tex. Civ. App.—Beaumont 1972, orig. proceeding). In criminal contempt proceedings, the contemnor is being punished for his improper actions "and no subsequent voluntary compliance on the part of the defendant can enable him to avoid punishment for his past acts." *Johns*, 807 S.W.2d at 771 (quoting *Hosken*, 480 S.W.2d at 23). A judge can impose a fine, imprisonment, or both in a criminal contempt order. *Id.* The distinguishing feature of criminal contempt is that the penalty is unconditional. *Id.* Respondent's 180-day sentence is a criminal contempt order because it punishes Runnels for violating the permanent mutual injunction. *See, e.g.*, *Scariati*, 988 S.W.2d at 272 n.1 (order was one for criminal contempt because relator was sentenced "to jail for six months for not maintaining health insurance for his children and the sentence was not subject to being reduced upon his obtaining such insurance").

## DUE PROCESS REQUIREMENTS

A criminal contempt conviction for violation of a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful

intent to violate the order. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). "Noncompliance with an unambiguous order of which one has notice will ordinarily raise an inference that the noncompliance was willful." *Id.* at 261. "The involuntary inability to comply with an order is a valid defense to criminal contempt, for one's noncompliance cannot have been willful if the failure to comply was involuntary." *Id.* The relator must prove his inability to comply. *Ex parte Hayes*, No. 05-17-00473-CV, 2017 WL 2889047, at *3 (Tex. App.—Dallas July 7, 2017, orig. proceeding) (mem. op.) (citing *Chambers*, 898 S.W.2d at 261). "In reviewing the record, we are without jurisdiction to weigh the proof and determine whether it preponderates for or against the relator; rather, we determine only if the judgment is void because, for example, the relator has been confined without a hearing or with no evidence of contempt to support his confinement." *Chambers*, 898 S.W.2d at 259–60.

## ANALYSIS

In this proceeding, Runnels maintains that (1) a parent has a right to reasonable discipline of a child and the court cannot order an injunction prohibiting corporal punishment absent grounds for the injunction, and (2) a court cannot continually punish a party for contempt without affording that party an opportunity to purge the contempt and refusing to punish the opposing party for contempt by sua sponte purging the opposing party of contempt.

### Hearing on Motion to Enforce

On March 22, 2019, Respondent conducted a hearing on Craddock-Neal's second amended motion for enforcement. Runnels objected to Respondent's jurisdiction to hear the motion on due process grounds and Respondent overruled the objection.

Runnels testified that he was aware of the injunction prohibiting the use of corporal punishment. He admitted using a belt to spank N.V.R. while she was in his custody on January 12, 2019, but disputed whether this violated Respondent's order. When asked whether there is a part of "no corporal punishment" that he does not understand, Runnels replied with "Yes" and explained, "The part to where that order overrides the best interest of a child and violates the constitutional right of a parent to a reasonable discipline of their child for their best interest. That's the part I don't understand." He testified that he has always sought his children's best interest, which includes properly rearing them. Runnels testified, "That was my occupation as a parent, to protect my children, to make sure that what I was doing would give them a strong foundation for

4

when they get off in the real world they won't do anything that could cause them to go to jail, get killed, any other things." According to Runnels, he did not act out of anger on January 12 and he explained that the video of the incident does not reflect what led to the spanking, but does reflect the "dishes and everything that [N.V.R.] had slapped off the table in an aggressive manner." He stated that N.V.R. was upset because he spoke with her employer. He further stated that she did not complete household tasks he gave her and she told him she planned to go to work regardless of what he said. Runnels testified to allegations that N.V.R. was in a gang. He also testified that N.V.R. has a history of "inappropriate conduct." Runnels attempted to get N.V.R. to clean as she had been asked, but she refused. He also went outside for a period of time to give her an opportunity to make a better choice. Runnels testified that Craddock-Neal told N.V.R. that she could not "get a whooping," which communicated to N.V.R. that she could do whatever she wanted without being disciplined. Runnels opined that the best interest of the child is to use reasonable discipline when called for. He testified, "When it got to a point to where talking couldn't resolve the matter, then you have to go through the necessary steps of corporal punishment."

At the conclusion of the hearing, Respondent found that Runnels violated the injunction. Respondent noted that the video showed "time for cool reflection," Runnels had the belt in his hand almost the entire time, and Runnels stated, "I haven't had to whip you in a while." Respondent stated that the video shows Runnels intentionally engaging in corporal punishment and telling his son to continue recording the corporal punishment. According to Respondent, the video shows "four or so whips." Respondent took judicial notice of prior proceedings and considered why he imposed the injunction. He explained having seen a video of Runnels chasing N.V.R., forcibly stopping her, forcing her to the ground, and removing his belt. Respondent expressed concern over Runnels's temper and use of corporal punishment and expressed his belief that the no corporal punishment provision was in the children's best interest, particularly that of N.V.R. He also noted Runnels's lengthy history of violating court orders. Thus, Respondent ordered Runnels to county jail for 180 days.

**Discussion**

To the extent Runnels challenges Respondent's subject matter jurisdiction, a motion for enforcement shall be filed in the court of continuing, exclusive jurisdiction. *See* TEX. FAM. CODE ANN. § 157.001(d) (West Supp. 2018). The record demonstrates that Respondent had continuing

exclusive jurisdiction over the case.[4]  Accordingly, Respondent possessed jurisdiction to rule on Craddock-Neal's motion for enforcement and to sign a contempt order.  *See id*. § 155.001(b) (West Supp. 2018) (a "court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order"); § 157.001(a) ("court may enforce by contempt any provision of a temporary or final order").

With respect to Runnels's violation of the permanent mutual injunction prohibiting corporal punishment, Runnels is correct that a parent has the duty of reasonable discipline of the child, including corporal punishment.  *See id*. § 151.001(a)(2), (e)(1) (West 2014).  However, a parent's rights and duties are subject to court order.  *See id*. § 151.001(d)(1).  A trial court has broad discretion in fashioning restrictions on a parent's possession and access that are in a child's best interest.  ***Moreno v. Perez***, 363 S.W.3d 725, 739 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  Accordingly, *unless limited by court order*, a parent has the right, during periods of possession of his child, to exercise "reasonable discipline," such as corporal punishment.  ***Id***. at 740.

Here, Runnels's right to punish his children through corporal punishment was limited by court order.  Respondent exercised his discretion when deciding that a provision enjoining Runnels from using corporal punishment was in the children's best interest.  *See **Messier v. Messier***, 389 S.W.3d 904, 907 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (child's best interest is paramount concern in custody cases); *see also **Moreno***, 363 S.W.3d at 741 (trial court's prohibiting use of corporal punishment was within court's discretion).  Injunctions prohibiting use of corporal punishment, among other limitations, are often included in SAPCR orders.  *See **In Interest of H.C.C.***, No. 01-16-00876-CV, 2017 WL 6520228, at *6 (Tex. App.—Houston [1st Dist.] Dec. 21, 2017, no pet.) (mem. op.).

The permanent mutual injunction is reasonably specific and unambiguous, expressly enjoining both Runnels and Craddock-Neal from "[u]sing corporal punishment on any minor child the subject of this suit at any time[.]"  The injunction does not leave the use of corporal punishment to the parents' discretion, but prohibits corporal punishment entirely.  In challenging the injunction, Runnels maintains that there is no history of abuse or excessive punishment, he has not

---

[4] Based on a recusal, the case was transferred from the 307th District Court in Gregg County to the 124th District Court in Gregg County in November 2017. *See* TEX. FAM. CODE ANN. § 155.206(a) (West 2014) ("A court to which a transfer is made becomes the court of continuing, exclusive jurisdiction and all proceedings in the suit are continued as if it were brought there originally").

used corporal punishment on his children in years, the injunction is against the best interest of the children, and the use of corporal punishment was the only reasonable and effective means of disciplining N.V.R. under the circumstances. However, as previously stated, this Court lacks jurisdiction to weigh the proof and determine whether it preponderates for or against Runnels. *See Chambers*, 898 S.W.2d at 259–60. The question we must answer is whether the contempt order is void; i.e., whether Runnels has been confined without a hearing or with no evidence of contempt to support his confinement. *See id*. We conclude that the order is not void.

Runnels was confined only after a hearing on Craddock-Neal's motion for enforcement. At the hearing, Runnels appeared with counsel. He admitted spanking N.V.R. with his belt and Respondent viewed a video recording of the incident. Although Runnels claimed he did not even think about the order when deciding whether to spank N.V.R., the record also indicates that he specifically asked his son to record the incident. Runnels's noncompliance with Respondent's unambiguous order gave rise to an inference that the noncompliance was willful. *See id.* at 261. And Runnels's insistence that corporal punishment was necessary under the circumstances is not tantamount to establishing an involuntary inability to comply with the injunction. *See id*. Based on the evidence presented, Respondent could reasonably determine that Runnels violated the permanent mutual injunction's prohibition on corporal punishment and did so with willful intent. *See id.* at 259.

Runnels also complains that Respondent's order does not conform to the pleadings. We disagree. Craddock-Neal alleged that Runnels violated the permanent mutual injunction by using corporal punishment on N.V.R. and requested that Runnels be confined for up to 180 days and required to pay reasonable attorney's fees, expenses, and costs. In his contempt order, Respondent expressly found that "on January 12, 2019, WILLIAM ANDRE RUNNELS used corporal punishment on [N.V.R.]. Said corporal punishment is in violation of the Permanent Mutual Injunction issued by this Court." The order further finds Runnels in contempt, sentences him to 180 days in jail, and assesses attorney's fees and costs of court. We fail to see how the order fails to conform to the pleadings.

Additionally, Runnels argues that Respondent acted with partiality, bias, and prejudice.[5] We again disagree. As previously discussed, the record demonstrates that Runnels violated the

---

[5] The record contains an order denying Runnels's motion to recuse or disqualify Respondent. According to the order, the Texas Supreme Court assigned the Honorable Jack Skeen, Jr., Judge of the 241st District Court in Smith

injection by using corporal punishment on N.V.R. The record does not suggest that Respondent based his decision on any bias, prejudice, or partiality, as opposed to the facts of the case. Generally, no bias is shown when allegations are based solely on judicial rulings. ***Dow Chem. Co. v. Francis***, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam). Nor do judicial remarks that are critical, disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily support a bias or partiality challenge. ***Id***. Here, the record simply fails to substantiate Runnels's claims that Respondent acted with judicial bias, partiality, or prejudice when finding Runnels in contempt.

For the foregoing reasons, we conclude that Runnels has not been deprived of liberty without due process of law or that the contempt order exceeded Respondent's power to issue. *See* ***Coppock***, 277 S.W.3d at 418. Accordingly, Runnels has not been unlawfully confined and has not established an entitlement to habeas relief. *See* ***Gordon***, 584 S.W.2d at 688.[6]

## CONCLUSION

Having determined that Respondent did not abuse his discretion, we ***deny*** Runnels's petition for writ of habeas corpus. We ***remand*** Runnels to the custody of the Sheriff of Gregg County to serve the remainder of the sentence ordered by the trial court for Runnels's contempt. All pending motions are ***overruled as moot***.

**BRIAN HOYLE**
Justice

Opinion delivered June 19, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

County, to hear Runnels's motion. Judge Skeen noted that Runnels's March 21, 2019, motion to recuse was the fifth such motion that Runnels had filed. He concluded that Runnels's motion was based solely on Respondent's rulings and, as such, the motion should be denied. *See* TEX. R. CIV. P. 18a(a)(3) (motion to recuse or disqualify must not be based solely on judge's rulings in the case).

[6] Only Respondent's March 22, 2019, order is before us in this proceeding. Thus, we do not consider Runnels's contentions regarding other rulings, such as those made during November 2018 and February 2019 hearings. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 19, 2019**

**NO. 12-19-00202-CV**

**WILLIAM A. RUNNELS,**
Relator
V.

**HON. ALFONSO F. CHARLES,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of habeas corpus filed by William A. Runnels; who is the relator in appellate cause no. 12-19-00202-CV and a party to trial court cause no. 2007-2400-B, pending on the docket of the 124th Judicial District Court of Gregg County, Texas. Said petition for writ of habeas corpus having been filed herein on May 23, 2019, and the same having been duly considered, it is the opinion of this Court that Relator's petition for writ of habeas corpus shall be **denied.**

It is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of habeas corpus be, and the same is, hereby **denied**, and that Relator, **William A. Runnels**, is forthwith remanded to the custody of the Sheriff of Gregg County, Texas, to be confined as ordered and directed by the judgment of contempt signed by the Judge of the 124th District Court of Gregg County, Texas, on the 22nd day of March, 2019. All costs are hereby adjudged against the Relator, **William A. Runnels.**

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*