NO. 07-12-00071-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 12, 2012

IN RE DYANNE KUSTER, RELATOR

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Relator, Dyanne Kuster, has filed in this Court her petition for writ of mandamus. In it, she asks this Court to direct the trial court to declare void its order finding her in contempt for several violations of a child custody order. We will conclude that Dyanne has not shown herself entitled to the relief requested nor any other relief associated with the trial court's order and will deny her petition.

Factual and Procedural History

Dyanne Kuster and Shannon Kuster were domestic partners raising two children, born during the partnership, when the partnership dissolved. The trial court determined custody of the children. The order in effect at the relevant times was signed on September 23, 2009, and provides that Dyanne is the joint managing conservator with the right to establish the primary residence of the children and Shannon is a non-parent joint managing conservator with standard visitation.

In November 2011, alleging a number of violations of the terms of possession in the custody order, Shannon moved for enforcement of the order. Shannon alleged that, beginning in January 2011 and continuing through October 2011, Dyanne began to interfere with Shannon's visitation periods by misinforming Shannon of the whereabouts of the children, most frequently the daughter. On a number of occasions, Dyanne kept the daughter out of school and refused to surrender possession of her.

Following a hearing on Shannon's motion, the trial court found Dyanne in contempt of court for violating the child custody order on fifteen occasions. On December 22, 2011, the trial court signed its order of contempt, permitting Dyanne to purge herself of contempt by (1) serving 180 days in the Potter County jail and (2) serving an additional period not to exceed six months in the county jail until she paid Shannon's court costs in the amount of $64.50. Dyanne went to the county jail.

On January 20, 2012, while she was incarcerated, Dyanne filed in the trial court her application for writ of habeas corpus. The trial court held a hearing on her application on February 1 and denied her the relief sought. The next day, however, it appears that the trial court, through some unidentified mechanism or action, ordered that Dyanne be released from jail.

Dyanne has now filed in this Court her petition for writ of mandamus. In it, as she did below, she argues that the trial court's order of contempt is void for two reasons: (1) it unconstitutionally deprives her of her rights to direct the care and custody of her children, and (2) it unconstitutionally incarcerates her for payment of a debt, amounting to confinement to debtor's prison. She asks that we direct the trial court to declare its contempt order void for these reasons. We decline to do so.

2

Mandamus Relief

Mandamus Generally[1]

Mandamus is an extraordinary remedy that will issue only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A writ of mandamus is a judicial writ directed at an individual, official, or board to whom it is addressed to perform some specific legal duty to which the relator is entitled under legal right to have performed. Crowley v. Carter, 192 S.W.2d 787, 790 (Tex.Civ.App.—Fort Worth 1946, orig. proceeding). The party applying for the writ has the burden of showing that the trial court abused its discretion as well as the inadequacy of appeal as a remedy. In re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933, 935 (Tex.App.—Tyler 2005, orig. proceeding).

Analysis

Dyanne fails to show that she is entitled to mandamus relief because she fails to demonstrate that the contempt order of which she complains is still in effect such that we could direct the trial court to declare it void. In fact, it would appear the effect of the

---

[1] There are instances in which an order of contempt may be reviewable by way of petition for writ of mandamus. For instance, mandamus may be available to challenge an order of contempt not involving confinement given the unavailability of the court's statutory habeas corpus jurisdiction in that circumstance. See In re Reece, 341 S.W.3d 360, 370 (Tex. 2011) (orig. proceeding); see also In re Long, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus."); Rosser v. Squier, 902 S.W.2d 962, 962 (Tex. 1995) (orig. proceeding) (per curiam) (entertaining the exercise of mandamus jurisdiction to determine whether fine-only contempt order was void, given unavailability of court's habeas jurisdiction).

trial court's February 2nd act of ordering Dyanne released and allowing for the return of the children to her care granted her the very relief she requests here by way of mandamus. In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam) ("A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request.").

To Dyanne's contention that she operates under a continued threat that the trial court could reinstate the contempt order, we respond that we are prohibited from issuing advisory opinions by way of writ of mandamus or otherwise. See TEX. CONST. art. V, § 6; City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985) ("A court has no jurisdiction to render an opinion on a controversy that is not yet ripe."). So, to the extent that her petition seeks mandamus relief based upon events that have not yet occurred and remain merely hypothetical, we conclude that we are without jurisdiction to render advisory opinions on factual situations that may or may not arise in the future. See Jones v. Westergren, 771 S.W.2d 669, 671 (Tex.App.—Corpus Christi 1989, orig. proceeding); see also In re State, No. 13-10-00264-CV, 2010 Tex. App. LEXIS 3808, at *14–15 (Tex.App.—Corpus Christi May 17, 2010, orig. proceeding) (mem. op.).

We decline to direct the trial court to declare void an order the effectiveness or viability of which we do not know. Nor will we by way of writ of mandamus direct any future action or conclusion of the trial court with respect to enforcement of its active custody order. It has long been the law that "[t]he office of mandamus is to execute, not to adjudicate. It does not ascertain or adjust mutual claims or rights between the parties." Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939) (orig.

4

proceeding). For the foregoing reasons, Dyanne has not shown herself entitled to mandamus relief. Accordingly, we deny her petition for writ of mandamus.

Habeas Corpus Relief

In one sentence, Dyanne alternatively seeks habeas corpus relief. Because the basis for such relief is undeveloped, we cannot ascertain the precise nature of her contentions and will, based on the record before us, address her entitlement to habeas corpus relief generally.

Limited Jurisdiction over Habeas Corpus Proceedings

This Court, along with the Texas Supreme Court, has very limited jurisdiction over habeas corpus proceedings.[2] See TEX. GOV'T CODE ANN. § 22.221(d) (West 2004); see also TEX. GOV'T CODE ANN. § 22.002(e) (West Supp. 2011) (governing the Texas Supreme Court's habeas jurisdiction); In re Reece, 341 S.W.3d at 369–76 (exploring relation of the Texas Supreme Court's limited habeas corpus jurisdiction to its mandamus jurisdiction). We may only exercise our habeas jurisdiction when the contemnor's confinement is on account of a violation of an order, judgment, or decree previously made in a civil case:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. Pending the hearing of an application for a writ of habeas

---

[2] The Texas Court of Criminal Appeals is the appellate court afforded general original habeas jurisdiction in Texas. See TEX. CONST. art. V, § 5(c); Ex parte Thompson, 273 S.W.3d 177, 181 (Tex.Crim.App. 2008).

corpus, the court of appeals or a justice of the court of appeals may admit to bail a person to whom the writ of habeas corpus may be granted.

TEX. GOV'T CODE ANN. § 22.221(d).

A writ of habeas corpus will issue if a trial court's contempt order is void because it was beyond the court's power to issue or if the court did not afford the relator due process of law. In re Henry, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding) (per curiam). The relator bears the burden to show that a contempt order is void and not merely voidable. In re Munks, 263 S.W.3d 270, 272–73 (Tex.App.—Houston [1st Dist.] 2007, orig. proceeding). Until the relator has discharged the burden of showing entitlement to relief, the contempt order is presumed valid. In re Parr, 199 S.W.3d 457, 460 (Tex.App.—Houston [1st Dist.] 2006, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); In re Munks, 263 S.W.3d at 272.

Here, the basis of the contempt order is the trial court's finding that Dyanne violated the terms of the custody order. So, because the finding of contempt relates directly to the violation of the trial court's prior order in a civil case, the procedural posture of this matter would suggest that it fits within the narrow habeas corpus jurisdiction of this Court. See TEX. GOV'T CODE ANN. § 22.221(d). However, while the procedural posture suggests this is a case in which habeas relief could be available, the current state of Dyanne's liberties and the record will ultimately dictate otherwise.

6

<u>Analysis</u>

Most notably, it appears to us, by representations Dyanne makes in her petition, that she is no longer incarcerated.  Though she insists that she still lives in "the shadow of an illegal debtor's prison and dangles on a whim in fear of confinement," we remain unconvinced at this point that she is sufficiently restrained to be entitled to habeas corpus relief.  Nonetheless, she has failed to bring us any document that would illuminate for us the restraints of her shadowy position.

Sufficient Restraint

Because the function of a writ of habeas corpus is to secure release from an unlawful custody, the relator must show that the contemnor has undergone a restraint of liberty.  <u>In re Ragland</u>, 973 S.W.2d 769, 771 (Tex.App.—Tyler 1998, orig. proceeding).  Although actual confinement is typically the restraint of liberty at issue, courts have extended the meaning of the term "restraint of liberty" beyond actual imprisonment.  <u>In re Parker</u>, No. 14-08-01070-CV, 2008 Tex. App. LEXIS 9136, at *1–2 (Tex.App.—Houston [14th Dist.] Dec. 4, 2008, orig. proceeding) (per curiam) (mem. op.) (citing <u>In re Ragland</u>, 973 S.W.2d at 771).  The meaning of "restraint of liberty" includes probation where the terms of the probation include some type of tangible restraint of liberty.  <u>In re Ragland</u>, 973 S.W.2d at 771 (citing <u>Ex parte Brister</u>, 801 S.W.2d 833, 834–35 (Tex. 1990) (orig. proceeding), and <u>Ex parte Duncan</u>, 796 S.W.2d 562, 564 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding)).  However, when a jail sentence is probated without any type of tangible restraint of liberty, a contemnor is not restrained for purposes of habeas corpus relief when she is merely ordered to make payments that the trial court adjudges that she owes or otherwise comply with the trial court's orders.

<u>In re Parker</u>, 2008 Tex. App. LEXIS 9136, at \*2–3 (citing <u>Ex parte Shaw</u>, No. 07-01-0196-CV, 2001 Tex. App. LEXIS 2974, at \*1 (Tex.App.—Amarillo May 8, 2001, orig. proceeding) (not designated for publication)).

Here, Dyanne's fear that she may again be incarcerated if the trial court reinstates the contempt order is not sufficient restraint. She does not demonstrate that the contempt order remains of any effect–her representations suggest the contrary–and does not explain how the trial court's order or action in ordering her released from jail imposed conditions that could be said to sufficiently restrain her liberties. That she may, in the future, be incarcerated if the trial court can and does reinstate the contempt order is an event far too speculative to serve as a basis upon which we can grant habeas corpus relief.

Sufficient Record

The uncertainty of Dyanne's restraints brings us to the next, intimately related reason for denying her relief: we do not have before us an order demonstrating the trial court's February 2nd action or decision in determining her release. Therefore, we do not have a written order that delineates the basis, terms, conditions, and limitations, if any, of her release from jail. We will not grant extraordinary relief on such a record or based solely on what appears to be Dyanne's concern over the possibility of the trial court's "reinstating" of the contempt order. TEX. R. APP. P. 52.3(k)(1)(D) (providing that, "if a writ of habeas corpus is sought, proof that the relator is being restrained" must be included in the appendix to the application for writ of habeas corpus).

8

We have in the record before us the trial court's order of contempt which appears to no longer have effect. Beyond that, as to Dyanne's restraint of liberty, we only have the reporter's record in which the trial court orally pronounced its denial of her application for writ of habeas corpus coupled with Dyanne's representations that the very next day the trial court ordered her released from Potter County jail. Without a proper record to show that she still sufficiently suffers under the contempt finding or is otherwise sufficiently restrained, she has not shown herself entitled to habeas corpus relief. See id.; In re Allen-Pieroni, No. 06-11-00046-CV, 2011 Tex. App. LEXIS 3389, at *3 (Tex. App.—Texarkana May 5, 2011, orig. proceeding) (mem. op.). As it appears to us, Dyanne has been released from the contempt order and has failed to show if or how her liberties are currently restrained such that she would be entitled to habeas relief. So, *if* her liberties are sufficiently restrained, she has failed to demonstrate such restraint to us. TEX. R. APP. P. 52.3(k)(1)(D). We deny Dyanne's application for writ of habeas corpus.[3]

## Conclusion

For the foregoing reasons, we deny both Dyanne's petition for writ of mandamus and her application for writ of habeas corpus.

Mackey K. Hancock
Justice

Quinn, C.J., concurring.

---

[3] The day before issuance of this opinion, Real Party in Interest, Shannon Kuster, filed in this Court an unrequested response to the petition and her motion seeking damages pursuant to Rule 45 of the Texas Rules of Appellate Procedure. Regardless of whether Rule 45 was intended to apply to the context of original proceedings, we deny Shannon's motion seeking damages resulting from a frivolous appeal. We do not find that Dyanne's contentions were so frivolous as to warrant sanctions under Rule 45.