**Denied and Opinion Filed January 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

**No. 05-20-00048-CV**

---

**IN RE ALEXANDER RIVKIN, Relator**

---

**Original Proceeding from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-54745-2016**

---

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Partida Kipness

In this original proceeding, relator has filed an application for writ of habeas corpus contending he is illegally confined and restrained of his liberty by the trial court's December 10, 2019 order that (1) revokes the suspension of a 2017 contempt order, (2) holds him in criminal contempt, and (3) commits him to county jail for 180 days. Relator contends the order is void because it was issued after the trial court entered a memorandum in March 2019 that relator contends constitutes a final judgment in the case. We deny the petition.

To obtain habeas relief, relator must provide proof that he is currently being restrained. TEX. R. APP. P. 52.3(k)(1)(D). The record includes no proof that relator was arrested or that relator remains confined or restrained. The petition, therefore, does not provide the Court with the proof of current restraint required by Rule 52 and should, therefore, be denied. *See e.g., In re Huddleston*, No. 05-18-01110-CV, 2018 WL 4561020, at *1 (Tex. App.—Dallas Sept. 24, 2018, orig. proceeding) (denying petition for writ of habeas corpus where record included no proof of

current restraint); *see also In re Kuster*, 363 S.W.3d 287, 293 (Tex. App.—Amarillo 2012, orig. proceeding) (same).

Further, when seeking habeas corpus relief, the relator's petition must contain a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition bears the following certification by counsel:

> Pursuant to rule 52.3(j) of the Texas Rules of Appellate Procedure, I certify that I have thoroughly reviewed the Court's file in this matter. I have personal knowledge of the facts stated herein, and such matters are true and correct. Additionally, I have personal knowledge that the items in the appendix and record are true and correct copies of documents material to Relator's claims and are either pleadings that are on file in the underlying suit, hearing transcripts and exhibits, or orders signed by the trial court in the underlying suit in this cause number 469-54745-2016 in the 469th District Court of Collin County, Texas.

The Court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Counsel's certification does not comply with rule 52.3(j). *See id.*

As the party seeking habeas relief, the relator has the burden of providing the Court with a sufficient record to establish the relator's right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *Ex parte Occipenti*, 796 S.W.2d 805, 808 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). Because relator has not shown he is presently confined and has not authenticated his petition properly, we conclude he has not shown he is entitled to habeas relief. *See Butler*, 270 S.W.3d at 758–59; *see also In re Huddleston*, 2018 WL 4561020, at *1. Accordingly, we deny relator's petition for writ of habeas corpus without prejudice to refiling a petition that conforms to the rules of appellate procedure.

Finally, we note that the appendix relator electronically filed as part of his petition contains the unredacted name and date of birth of a minor in violation of the rules of appellate procedure. *See* TEX. R. APP. P. 9.9. Because of relator's failure to redact that sensitive data, the Clerk of the

Court has removed all documents filed in this proceeding from the Court's website. *See* TEX. R.

APP. P. 9.9(e).


/s/ Robbie Partida-Kipness
ROBBIE PARTIDA-KIPNESS
JUSTICE

200048F.P05