**DENIED and Opinion Filed May 1, 2020**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00409-CV**

**IN RE BEST INTEREST AND PROTECTION OF E.P., Relator**

**Original Proceeding from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MI-20-00463**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Molberg and Evans
Opinion by Justice Evans

E.P. has filed an original petition for writ of habeas corpus contending Zale Lipshy Hospital lacks the authority to treat patients on an inpatient basis, it has not established its authority to treat relator, and the responsible custodians at the hospital do not understand or act within their responsibilities. We deny relief.[1]

Relator cannot obtain habeas relief without proof that he is currently being restrained or confined. TEX. R. APP. P. 52.3(k)(1)(D). The record contains no proof relator is currently being restrained or confined and therefore relief should be denied. *See In re Huddleston*, No. 05-18-01110-CV, 2018 WL 4561020, at *1 (Tex. App.—

---

[1] Relator has filed this habeas proceeding pro se. We note that relator has direct appeals pending under cause nos. 05-20-00375-CV and 05-20-00377-CV. Relator is represented by counsel on his direct appeals.

Dallas Sept. 24, 2018, orig. proceeding) (mem. op); *In re Kuster*, 363 S.W.3d 287, 293 (Tex. App.—Amarillo 2012, orig. proceeding).

Furthermore, a petition seeking a writ of habeas corpus must contain a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition does not contain a certification and thus does not comply with rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Additionally, rule 52.3(k)(1) requires the relator to file an appendix to the petition for writ of habeas corpus that contains "a certified or sworn copy of any order complained of, and any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a) requires the relator to file a record that contains "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). Relator has not filed any documents with his petition and therefore has not complied with rules 52.3(k)(1)(A) and 52.7(a). *See Butler*, 270 S.W.3d at 759.

As the party seeking relief, the relator has the burden of providing the Court with a sufficient habeas record to establish his right to relief. *Ex parte Occipenti*,

796 S.W.2d 805, 808 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding).

Because relator has not provided any proof of confinement, has not authenticated his petition, and has not provided any record for the Court to review, we conclude he has not shown he is entitled to habeas relief. *See Butler*, 270 S.W.3d at 758–59; *Kuster*, 363 S.W.3d at 293.

We deny relator's petition for writ of habeas corpus.

/David Evans/
DAVID EVANS
JUSTICE

200409F.P05