

# NUMBER 13-25-00339-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TEXAS FARMERS INSURANCE COMPANY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator Texas Farmers Insurance Company (Texas Farmers) asserts that the trial court[2] abused its discretion, for which there is no adequate remedy by appeal, by refusing to vacate an order compelling the production of a master services agreement after the parties agreed to settle the underlying lawsuit. We conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2024DCV-3189-A in the 28th District Court of Nueces County, Texas, and the respondent is the Honorable Michael McCauley. *See id.* R. 52.2.

## I. BACKGROUND

Real party in interest Leslie Bowen was bitten on two occasions by her neighbor's dog, a German Shepherd. She sustained lacerations and puncture wounds and received medical care for her injuries. Bowen originally filed suit against the owners of the dog, David Hinojosa, Rosa Hinojosa, and Alan Hinojosa, alleging causes of action for negligence and negligence per se. Bowen later filed amended petitions including claims against Texas Farmers and its adjuster Jarrod McMillan. Bowen alleged that Texas Farmers and McMillan invaded her privacy by contacting her medical providers against her instructions, and she alleged causes of action against them for, *inter alia*, their alleged tortious interference with her contract with the hospital. Bowen asserted that the medical authorization that she had provided to the defendants and their representatives was "specifically limited," and that she had "specifically warned" them "that *only records* could be requested/obtained and with the express limitation that '*you are not authorized to engage in any verbal communications except with [the] patient and [the] patient's attorney.*'" Texas Farmers explains that it has a master services agreement with a vendor, ClaimTECH, to negotiate and pay medical bills on behalf of its claims department, and ClaimTECH did so with Bowen's medical bills.

During the pendency of the lawsuit, Texas Farmers and McMillan filed a motion to sever Bowen's claims against them from her claims against the Hinojosas. The trial court granted their motion to sever and severed Bowen's claims against Texas Farmers and McMillan into the underlying lawsuit. In this severed cause, Bowen filed an amended petition adding ClaimTECH as a defendant. Bowen subsequently filed a motion seeking

2

to compel Texas Farmers to produce the master services agreement governing the relationship between Texas Farmers and ClaimTECH. After reviewing the master services agreement in camera, the trial court ordered Texas Farmers to produce the master services agreement "with the condition that a properly prepared [p]rotective [o]rder is in place prior to such production."

Thereafter, but before the protective order was in place, on April 16, 2025, the parties entered into a Rule 11 agreement regarding a settlement of Bowen's claims in both the original lawsuit and the severed cause. *See* TEX. R. CIV. P. 11. The Rule 11 agreement, which was filed in the case, states that Bowen agreed to "a full and final settlement of any and all claims arising from the incident at issue" and "to release all Defendants in the instant case and the Defendants in the severed case . . . from any and all liability." Bowen further agreed to "dismiss all claims in both cases with prejudice."

Thereafter, Texas Farmers and Bowen disagreed regarding whether the trial court's discovery order requiring Texas Farmers to produce the master services agreement was moot. Bowen rejected a draft protective order that was prepared by Texas Farmers before the settlement, prepared her own proposed protective order, and set the matter for hearing. Texas Farmers objected to Bowen's proposed protective order on grounds that it was moot, and it requested the trial court to vacate the discovery order considering the parties' settlement. However, the trial court refused to vacate its order requiring Texas Farmers to produce the master services agreement.[3]

---

[3] The trial court issued an oral ruling on this matter, and the record fails to indicate that the ruling has been reduced to writing. Nevertheless, the order was clear, specific, enforceable, and adequately shown by the record and is thus subject to review by mandamus, and Bowen does not argue otherwise. *See In re State ex rel. Skurka*, 512 S.W.3d 444, 451 (Tex. App.—Corpus Christi–Edinburg 2016, orig.

This original proceeding ensued. Texas Farmers filed this petition for writ of mandamus and a motion for emergency relief seeking to stay its obligation to produce the master services agreement. *See* TEX. R. APP. P. 52.10. We granted Texas Farmer's motion for emergency relief, ordered the production of the master services agreement to be stayed, and requested and received a response to the petition for writ of mandamus from Bowen. Texas Farmers has filed a reply to Bowen's response. *See id.* R. 52.4, 52.5, 52.8(b).

## II.  STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

## III.  ANALYSIS

Texas Farmers contends in relevant part that the trial court abused its discretion by ordering the production of irrelevant information. Bowen asserts, in contrast, that the trial court did not abuse its discretion by ordering the production of the master services agreement.

proceeding); *In re State ex rel. Munk*, 448 S.W.3d 687, 690 (Tex. App.—Eastland 2014, orig. proceeding).

4

## A. Scope of Discovery

The Texas Rules of Civil Procedure define the scope of discovery as follows:

> In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

TEX. R. CIV. P. 192.3(a). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. We evaluate the relevancy of discovery on a case-by-case basis by considering the pleadings and the instrumentality of the alleged injury. *In re Sun Coast Res., Inc.*, 562 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *see In re Plains Pipeline, L.P.*, 618 S.W.3d 780, 790 (Tex. App.—El Paso 2020, orig. proceeding).

The scope of discovery is generally within the trial court's discretion. *In re UPS Ground Freight, Inc.*, 646 S.W.3d 828, 831 (Tex. 2022) (orig. proceeding) (per curiam); *In re Cent. Or. Truck Co.*, 644 S.W.3d 668, 671 (Tex. 2022) (orig. proceeding) (per curiam). "Because the purpose of discovery is to enable courts to decide disputes based on what the facts reveal, not by what facts are concealed, the rules must be liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 248 (Tex. 2021) (orig. proceeding) (cleaned up). Nevertheless, "[a] discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re*

5

*Kuraray Am., Inc.*, 656 S.W.3d 137, 142 (Tex. 2022) (orig. proceeding) (per curiam) (quoting *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam)). In this regard, "discovery requests and orders are overbroad if they are not properly tailored with regard to time, place, or subject matter, or otherwise require production of information that is not reasonably calculated to lead to the discovery of admissible evidence." *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 252 (cleaned up).

Therefore, an order requiring the production of irrelevant matters constitutes an abuse of discretion. *In re UPS Ground Freight, Inc.*, 646 S.W.3d at 832; *In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 814 (Tex. 2022) (orig. proceeding) (per curiam). It is an abuse of discretion "for courts to enforce overbroad requests for irrelevant information regardless of whether the requests are burdensome." *In re Cont, Freighters, Inc.*, 646 S.W.3d at 814; *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 176 (Tex. 2023) (orig. proceeding) (per curiam). As such, requests for discovery "must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).

## B. Analysis

Texas Farmers asserts that the settlement of Bowen's claims "eliminated the dispute" between the parties; therefore, the trial court abused its discretion in declining to vacate its discovery order. In response, Bowen contends that the Rule 11 agreement is "yet to be finalized," that it has not been converted "into an enforceable consent judgment that would alter the discovery landscape," and that, until that occurs, the Rule 11 agreement is subject to revocation. She further argues that the trial court specifically

considered whether the Rule 11 agreement affected the parties' discovery dispute and determined that it did not.

We reject Bowen's assertions. At this stage in the litigation, the parties have entered into an agreement pursuant to Texas Rule of Civil Procedure 11 to settle all the claims between them, and that agreement has been filed with the trial court. *See* TEX. R. CIV. P. 11. We do not need to consider whether the agreement will ultimately be incorporated into an agreed or consent judgment, or whether the parties will instead litigate the enforceability of the agreement. *See id.*; *Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Human Servs.*, 540 S.W.3d 553, 560–61 (Tex. 2018) (per curiam) (stating that agreements made pursuant to Rule 11 are "contracts relating to litigation" and are interpreted accordingly); *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) (discussing the enforceability of Rule 11 agreements). In other words, our review is based on the events as presented to the trial court and not on events that might—or might not—come to pass thereafter. *See, e.g.*, *In re Kuster*, 363 S.W.3d 287, 290–91 (Tex. App.—Amarillo 2012, orig. proceeding) (concluding that the court lacked jurisdiction to issue mandamus "based upon events that have not yet occurred and remain merely hypothetical"). The Texas Supreme Court has expressly held that:

> When . . . the scope of the dispute is narrowed, the trial court must re-evaluate the need, likely benefit, and burden or expense of any requested discovery in light of the change in the dispute's scope. We conclude that the trial court abused its discretion by failing to consider how the narrowing of the scope of the remaining disputed fact issues . . . affected the need, likely benefit, and corresponding burden or expense of the requested discovery before issuing an order compelling the [discovery].

*In re Office of Att'y Gen.*, 702 S.W.3d 360, 365 (Tex. 2024) (orig. proceeding) (per curiam).

7

Bowen asserts that the Texas Supreme Court's opinion in *Office of the Attorney General* is distinguishable or otherwise inapplicable to this case because there: (1) the supreme court considered the effect of an amended answer, which supersedes a previous pleading and "immediately alters the procedural posture of the case," whereas this case involves a Rule 11 agreement, which "requires judicial action to become enforceable"; (2) the supreme court applied a proportionality analysis, and this case does not involve proportionality concerns; and (3) the supreme court concluded that the trial court failed to consider the effect of the amended pleadings, and here, the trial court expressly considered whether the Rule 11 agreement affected its previous discovery ruling. *See id.* at 364–65.

In *Office of the Attorney General*, four former employees of the Office of the Attorney General (OAG) filed a Whistleblower lawsuit against the OAG. *Id.* at 362; *see* Tex. Gov't Code Ann. § 554.002. They sought the depositions of the Attorney General and three senior employees after the OAG had filed an amended answer electing "not to dispute the [p]laintiffs' lawsuit as to any issue" and to "consent[] to the entry of judgment" for the plaintiffs. *See In re Office of Att'y Gen.*, 702 S.W.3d 360, 365 at 362. The OAG thus asserted that its amended answer rendered the depositions irrelevant because either there were no remaining disputed issues of fact or the only remaining fact issues concerned damages. *See id.* The Texas Supreme Court held that the OAG's amended answer "unquestionably alters the analysis as to whether the requested depositions 'show a reasonable expectation of obtaining information that will aid the dispute's resolution . . . and whether the burden or expense of sitting for those depositions

8

'outweighs [their] likely benefit.'" *Id.* at 365 (citing first *In re CSX Corp.*, 124 S.W.3d at 152, and then citing TEX. R. CIV. P. 192.4(b)). The supreme court reasoned that the narrowed scope of the disputed facts made it "significantly less likely that testimony from these four witnesses is needed to resolve any remaining factual dispute." *Id.* According to the supreme court, "[i]Information sought regarding a fact issue that will not be contested at trial will not 'aid the dispute's resolution' and therefore is not discoverable." *Id.* (citing *In re CSX Corp.*, 124 S.W.3d at 152). The supreme court further concluded that the amended answer "likewise alters the proportionality analysis in which courts must engage." *Id.* Based on the foregoing, we conclude that Bowen's argument that *Office of the Attorney General* is distinguishable from this case is without merit.

Under the settlement agreement as written and filed, there are no issues remaining between the parties, and the agreement does not carve out an exception regarding the discovery dispute at issue here. Thus, fundamentally, the master services agreement is not relevant to any matter at issue in the proceeding. In other words, the master services agreement "will not aid the dispute's resolution." *See id.*; *In re CSX Corp.*, 124 S.W.3d at 152. Reasonable minds would not agree that the master services agreement has no tendency to prove or disprove any issue involved in the subject matter of the suit; thus, it is "patently irrelevant." *See In re Sun Coast Res., Inc.*, 562 S.W.3d at 146. Accordingly, we conclude that the trial court abused its discretion, and we sustain Texas Farmer's sole issue presented in this original proceeding.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus,

9

Bowen's response, Texas Farmer's reply, the record, and the applicable law, is of the opinion that Texas Farmers has met its burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its ruling requiring Texas Farmers to produce the master services agreement and to proceed in accordance with this memorandum opinion. Our writ will issue only if the trial court fails to comply.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
19th day of August, 2025.